IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2022

## STATE OF TENNESSEE v. STEVIE DEAN

**Appeal from the Circuit Court for Madison County**
**No. 20-88      Donald H. Allen, Judge**

_____

### No. W2021-00458-CCA-R3-CD
_____

Defendant, Stevie Dean, was charged with one count of aggravated robbery. Following a trial, a jury convicted Defendant as charged, and the trial court sentenced him to twelve years' incarceration with an eighty-five percent release eligibility. On appeal, Defendant argues that the evidence was insufficient to support his conviction. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER, and JOHN W. CAMPBELL, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Stevie Dean.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Matthew Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural History

Tejal Patel testified that she was alone at the Subway restaurant she owned on the morning of November 5, 2019. She said that she was waiting for a truck delivery and preparing the sandwich food line when her first customer entered the store between 8:00 and 8:30 a.m. Ms. Patel and the customer both noticed Defendant standing outside looking into the store windows. After the customer left, Defendant entered and ordered a sandwich.

Defendant's credit card was declined when he tried to pay for the sandwich. Two more customers entered the restaurant, and Defendant walked outside. After Ms. Patel served those two customers and they left, Defendant re-entered the restaurant. She testified that she thought Defendant was coming back for his sandwich.

Defendant had his hand in his jacket pocket and began "aggressively" pointing at Ms. Patel from inside his pocket. Ms. Patel stated that she thought Defendant "had something in his pocket to harm [her]" like a gun or a knife and that Defendant "scared [her] to death." Defendant told Ms. Patel, "Whatever you've got, open the register and give it to me." Ms. Patel tried to explain that she had to enter a code to open the register, and Defendant began yelling at her. When Ms. Patel opened the register and pulled out the cash drawer, Defendant was angry that there was not more money. Ms. Patel estimated that there was $40 or $50 in the drawer.

After Defendant left, Ms. Patel locked the door to the restaurant and called her husband, who was out of town, and he called the next-door business owner to help Ms. Patel. Ms. Patel testified that she reported the incident to the police. An investigator came to the restaurant and presented her with a photographic lineup. Ms. Patel selected Defendant in the lineup. Ms. Patel identified a CD of the restaurant surveillance video from the incident, and the video was played for the jury.

On cross-examination, Ms. Patel stated that Defendant never displayed a deadly weapon.

Jackson Police Department ("JPD") Officer Robert Stevens testified that he responded to the Subway restaurant on November 5, 2019. Ms. Patel told Officer Stevens and another officer that she had been robbed and that the restaurant had surveillance footage. The officers retrieved still photographs from the video and distributed them to other officers. After about an hour and a half, Officer Stevens received word that other officers had located the suspect at First and Middle Street, so he went to meet them. When Officer Stevens arrived at the scene, he placed Defendant in handcuffs and transported him to jail.

On cross-examination, Officer Stevens stated that he did not locate a deadly weapon on Defendant when he arrested him.

JPD Investigator Wade Arnold testified that, after Defendant was arrested, he explained Defendant's *Miranda* rights and spoke with Defendant about the incident. Investigator Arnold transcribed Defendant's statement, and Defendant signed it. The statement read:

So, I was riding with my girl when we got stopped. She went to jail for some warrants from a while back. So, I'm not from here and didn't have anywhere to go. I sat in the lobby of the jail waiting to see what her bond was. So, I was then told that I needed to go to City Court.

While at City Court, I was told the bond and what i[t] was going to take get her out. I didn't have but about $13 to get her out. I went to Subway to get a sandwich. While there, I got the idea to get money so I could get her out.

I started yelling at the girl to give me money. She gave me what she had, and I left. I later realized it was less than $25.

I didn't mean any harm to the girl. I didn't have a gun. I was just trying to get the money to get my girl out of jail to get to a meeting with her kids. I apologize to the lady at Subway.

On cross-examination, Investigator Arnold stated that Defendant cooperated with police, told them what happened, and apologized to Ms. Patel.

The jury convicted Defendant as charged. The trial court sentenced Defendant as a Range I standard offender to twelve years' incarceration with an eighty-five percent release eligibility. Defendant filed a motion for new trial, which the trial court denied. Defendant now timely appeals.

## Analysis

Defendant argues that the evidence was insufficient to support his conviction for aggravated robbery. He argues that he did not display any item or object during the robbery to lead the victim to believe he had a deadly weapon. He asserts that no item or object was displayed at all.

The State responds that Defendant accomplished a robbery by pointing his concealed hand from inside his coat pocket which led Ms. Patel to reasonably believe he had a deadly weapon. We agree with the State.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence

are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

As pertinent here, aggravated robbery is a robbery "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon[.]" Tenn. Code Ann. § 39-13-402(a)(1) (2019). Robbery "is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401 (2019). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a) (2019).

It is well-established that "the legislature intended for the word [']article[']" in the aggravated burglary statute "to include the situation where a robber fashions or conceals his hand like a gun or other weapon while threatening harm to the victim." *State v. Aaron Cooper*, No. 01C01-9708-CR-00368, 1998 WL 668263, at *2 (Tenn. Crim. App. Sept. 30, 1998); *see also State v. Tyran Rollins*, No. W2019-00192-CCA-R3-CD, 2020 WL 1231711, at *4 (Tenn. Crim. App. Mar. 12, 2020); *State v. Danny D. Keen*, No. M2018-01152-CCA-R3-CD, 2019 WL 3403451, at *3 (Tenn. Crim. App. July 29, 2019); *State v. Maka Fuller, Jr.*, No. W2016-02480-CCA-R3-CD, 2017 WL 3822975, at *3 (Tenn. Crim. App. Aug. 31, 2017); *State v. Monoleto D. Green*, No. M2003-02774-CCA-R3-CD, 2005 WL 1046800, at *8-9 (Tenn. Crim. App. May 5, 2005). Defendant put his hand in his jacket pocket and waved it around, pointing it repeatedly at Ms. Patel. Ms. Patel stated that she was "scared . . . to death" and that she believed Defendant had a weapon. Defendant admitted that he took $25 from Ms. Patel; Ms. Patel testified that Defendant stole between $40 and $50. The evidence was sufficient to support Defendant's conviction for aggravated robbery.

## **Conclusion**

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
ROBERT L. HOLLOWAY, JR., JUDGE